Benjamin Vient, Plaintiff

v.

RECEIVED

2019 MAR -7 A 11: 44

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Raycom Media and CNHI, Defendants

Case: 2:18-CV-01054-MHT-GMB

March 3, 2019

## Plaintiff's Opposition to Defendants' Motion to Dismiss Amended Complaint Or, Alternatively, Motion for Summary Judgment

Defendant's two arguments for dismissal are faulty and highlight the facts in dispute, in Defendants' Motion to Dismiss Amended Complaint Or, Alternatively, Motion for Summary Judgment (Document 9 in Case # 2:18-CV-01054-MHT-GMB). Motion to Dismiss or Summary Judgment should be denied, for the reasons following, and pursuant to the Federal Rules of Civil Procedure, Title VII, Rule 56. Pro-Se Plaintiff Benjamin Vient amends the complaint to include a Read-Out of Exhibit A, and upon Dismissal of Defendants' Motion to Dismiss Amended Complaint Or, Alternatively, Motion for Summary Judgment, moves the court for the attached: Motion for the Defendants' More Definitive Statement/Answer (Specific to Exhibit A); Motion To Compel Expedited Disclosure and/or Discovery; and Motion to Schedule Conference and Order.

### ARGUMENT:

Defendants state in their Motion: (Plaintiff's) "... Claim fails as a matter of law for two independent reasons":

1. "He has not alleged that ... he obtained a copyright registration." Registration number is TX0008589705. (My understanding was that the Court independently obtains this information and applies it to the case file. Pro-se Plaintiff now applies this registration number to an Amended Complaint, attached in this mailing.)

2. "Even if Plaintiff were to allege that he obtained a registration or was refused a registration, his claim still fails because it is time-barred." Plaintiff discovered that Defendants were using his works, as presented in Exhibit A, in 2018. Plaintiff believes this usage of works began on or around 2018. Thus, the time-barred argument does not work here to allow dismissal. And as these usage date facts are in dispute between parties, Motion for Summary Judgment should also be denied. Federal Rules of Civil Procedure, Title VII, Rule 56, states in relevant part that "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Interestingly, Defendants' Argument #2 does not refer to a timeline for the evidence of Plaintiff's Exhibit A. Thus, the attached Motion to Compel Defendant's Answer Specific to Exhibit A (and Plaintiff Amends the Complaint with a Read-Out of Exhibit A, if Exhibit A itself is not clear.)

### Conclusion

Defendants have not provided accurate reasons to dismiss. And facts are in dispute, including the above mentioned dates, barring summary judgment. Thus, Defendants' Motion to Dismiss Amended

Complaint Or, Alternatively, Motion for Summary Judgment should be denied. This case should proceed, with Plaintiff's attached Motion for Defendants' More Definitive Statement/Answer, Motion To Compel Expedited Disclosure and/or Discovery and Motion to Schedule Conference and Order.

Respectfully submitted,

Benjamin Vient    2/3/19

CERTIFICATE OF MAILING

I HEREBY CERTIFY that on March 3, 2019, I placed a true and correct copy of the foregoing OPPOSITION in the United States Mail addressed to:

Mark Foley; Maynard Cooper & Gale; 1901 Sixth Avenue North;

2400 Regions/Harbert Plaza; Birmingham, AL 35203

Respectfully submitted,

Benjamin Vient    3/3/19

Plaintiff, Pro-Se

BV
217 W. 18ᵗʰ St. #238
NY, NY 10011



USPS FIRST CLASS MAIL ®

U.S. POSTAGE
$0.70
FCM LETTER
01453
82991030316402B
Date of sale 03/03/19
06   2S   SSK
11487919
940200303164028

F

U. S. DISTRICT COURT
CLERK'S OFFICE
1 CHURCH ST.
ROOM B110
MONTGOMERY, AL 36104



1.80 oz

C039

SHIP
TO:

**1 CHURCH ST**
**MONTGOMERY AL 36104-4018**

(420) 36104