IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BENJAMIN VIENT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-cv-1054-GMB |
| ) | [wo] |
| RAYCOM MEDIA and CNHI, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1), this case was referred to the undersigned United States Magistrate Judge for further proceedings and determination or recommendation as may be appropriate. Doc. 2. Plaintiff Benjamin Vient, proceeding *pro se*, filed this action on December 19, 2018, bringing a claim for copyright infringement pursuant to 17 U.S.C. § 101. He filed an Amended Complaint on January 14, 2019. Doc. 3.

Now before the court is the Defendants' Motion to Dismiss Amended Complaint or, Alternatively, Motion for Summary Judgment. Doc. 9. The court previously determined that it would consider the motion to be seeking summary judgment and entered an Order allowing Vient additional time to present evidence in opposition to the motion. Doc. 26. The court specifically ordered Vient to address the evidence and arguments of the movants that his copyright registration did not include his allegedly infringed article and that he was aware of the alleged infringement on November 4, 2015 but did not file suit until December 19, 2018. Doc. 26 at 2. The court also instructed Vient that if he is unable to present facts to justify his opposition he must file a sworn statement explaining why he is unable to do so. Doc. 26 at 3.

The case also is pending on the Defendants' Motion to Stay Discovery Pending Disposition of the Motion to Dismiss. Doc. 10. Also pending before the court are Vient's Motions for More Definite Statement (Docs. 17 & 38),[1] Motion for Hearing and to Schedule Conference and Order (Docs. 19 & 41),[2] Motion for Preliminary Injunction (Doc. 24), Motions to Amend/Correct (Docs. 29, 31 & 32),[3] and Motion for Extension of Time (Doc. 37).

After careful consideration of the parties' submissions, the applicable case law, and the record as a whole, the undersigned RECOMMENDS that the motion for summary judgment be GRANTED, and in light of that recommendation, that the motion to stay discovery be DENIED as moot and Vient's motion for preliminary injunction be DENIED.

## I. JURISDICTION AND VENUE

The court has subject-matter jurisdiction over the federal claim in this action pursuant to 42 U.S.C. § 1331. The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations to support both.

---

[1] Vient's two Motions for More Definite Statement (Docs. 17 & 38) ask for clarification from the Defendants. These motions are not proper under the Federal Rules of Civil Procedure and are due to be DENIED. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure).

[2] These motions seek a scheduling hearing, which is not appropriate given the pending motion to dismiss and alternative motion for summary judgment.

[3] The Motion to Amend/Correct (Doc. 29) is an attempt to file an amended complaint which had been previously stricken for failure to properly amend the complaint. As the case is now pending on a motion for summary judgment, the court finds that the motion is due to be DENIED as moot. The Motion to Amend (Doc. 31) is a motion to add "readout exhibit in complaint" and seeks the court's permission to attach an exhibit that is not provided with the motion. The exhibit, however, appears to have been included with the Amended Complaint. Doc. 3-1. Therefore, the motion is due to be DENIED as moot. The Motion to Amend/Correct (Doc. 32) seeks to add the registration number to the Amended Complaint. While an Amended Complaint is to be complete unto itself, the court will consider the registration number as having been included in the Amended Complaint and recommends that the motion be GRANTED to that extent.

## II.  STANDARDS OF REVIEW

### A.  Motion for Preliminary Injunction

A district court may grant injunctive relief if the movant shows the following: (1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." *Id.*

### B.  Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

In responding to a properly supported motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  Rather, "the nonmoving party must come forward with specific facts

showing that there is a *genuine issue for trial*." *Id.* (internal quotation marks omitted). If the nonmoving party's evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249−50 (1986) (citations omitted). "However, disagreement between the parties is not significant unless the disagreement presents a genuine [dispute] of material fact." *Gamble v. Pinnoak Resources, LLC*, 511 F. Supp. 2d 1111, 1122 (N.D. Ala. 2007) (internal quotation marks omitted). A factual dispute is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a district court considers a motion for summary judgment, all evidence and inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999). "The court must avoid weighing conflicting evidence or making credibility determinations. Instead, the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [the nonmovant's] favor." *Gamble*, 511 F. Supp. 2d at 1122 (internal quotation marks omitted). "Where a reasonable fact finder may draw more than one inference from the facts, then the court should refuse to grant summary judgment." *Id.* (internal quotation marks omitted).

## III. STATEMENT OF FACTS AND PROCEDURAL HISTORY

The basis of Vient's claims in this case is the publication of an article he wrote and purportedly copyrighted. Vient has identified an article hosted on the archival website newspaperarchive.com and attached a screenshot to his Amended Complaint that is largely illegible but appears to indicate that *The Tribune-Democrat* published the article on

4

October 30, 2015. Doc. 3-1. Vient alleges that he captured the screenshot from newspaperarchive.com during 2018, and that he previously wrote and copyrighted the article with registration number TX0008589705. *The Tribune-Democrat* is a daily newspaper published in Johnstown, Pennsylvania owned by CNHI, LLC ("CNHI"), which was a wholly-owned subsidiary of Raycom Media, Inc. ("Raycom") from September 29, 2017 to January 2, 2019.

In support of their motion, Defendants Raycom and CNHI provide the affidavit of Chip Minemyer, who explains that he is the Editor of *The Tribune-Democrat* and TribDem.com. Doc. 9-1. In an attempt to gauge reader interest in the subject matter of the article, Minemeyer posted Vient's article to TribDem.com, where it appeared from October 30, 2015 to December 15, 2015. Doc. 9-1. The article is titled "Train ghost story. Budapest's railroad graveyard a haunting reminder of once glorious industry." Doc. 9-1 at 4. Minemeyer's "editor's note" on the article explains that it is part of a series of articles titled "On the Rails." Doc. 9-1 at 4.

Minemyer also states in his affidavit that he communicated by email with Vient, and he provided the court with a copy of those emails. The first of the emails from Vient is dated November 4, 2015 and states, "Oh, didn't hear back after sent for review, so didn't know was published. Do you have a PDF or screenshot of how it was used? Had you decided which day of the week/page to run these train stories on?" Doc. 9-1 at 7. Vient also sent an email on November 4, 2015 which said, "Do you have a PDF or screenshot of how it was used? When will decide by, as [it's] a serial, one part into the next." Doc. 9-1 at 7. The last of the emails from Vient is dated December 15, 2015 and states, "Chip, Please remove this. I didn't agree to this. Please email me after it's been done:

5

http://www.tribdem.com/features/train-ghost-story-budapest-s-rainroad-graveyard-a-haunting-reminder/article_17096318-37c6-5f52-8odd-9e911bb8a3a8.html." Doc. 9-1 at 6.

Vient's opposition to summary judgment includes his declaration that "on information and belief, I believe" the Defendants' unauthorized usage began "on or around 2018." Doc. 35.  He also provided the court with a declaration stating that he discovered the article attached to his Complaint in 2018. Doc. 40.  Vient identified the registration number TX0008589705 as the number for the article at issue. Doc. 32.

### IV.   DISCUSSION

Defendants Raycom and CNHI have moved for summary judgment on two separate grounds: (1) that the article which is the basis of Vient's claim in this case is not subject to copyright, and (2) that any claim based on the article's publication by these Defendants is time-barred.

As to the first argument, the Copyright Act requires a plaintiff either to obtain a copyright registration or to have been refused a registration before bringing a civil action for infringement of copyright. 17 U.S.C. § 411(a).  Vient has provided the registration number TX0008589705, but Raycom and CNHI contend that this registration number does not include the article that is the basis for Vient's claim in this case.  Raycom and CNHI point the court to the catalog page from the United States Copyright Office for the registration, which states that TX0008589705 is a registration for "On the Rails by Ben Vient and other contributions." Doc. 22-1.  In the listing of contributions, there are multiple article titles listed, but none are the title of the article published on TribDem.com. Doc. 22-1 at 1–2.  Vient responds, without providing evidence to support his contention, that Raycom and CNHI changed the title of his article when they published it but the content is

the same as the registered works. Raycom and CNHI take the position that Vient has failed to present any evidence to demonstrate that his copyright registration covers the article in question because he has not provided any evidence of the content of the registered works. In view of the evidence that the published and registered articles have different titles, Vient's failure to produce any evidence of the substance of the articles registered as TX0008589705 prevents him from proving that he obtained a copyright registration on the specific article in question. Therefore, there is no genuine dispute of material fact relating to Vient's claim, and summary judgment is due to be GRANTED on this basis.

As to the second argument, even if the court assumes that Vient properly registered the article in question, the court finds that his claim is barred by the Copyright Act's three-year statute of limitations for claims of copyright infringement. 17 U.S.C. § 507(b). Two tests may determine when the statute of limitations begins to run for this type of claim, and the Eleventh Circuit has not clearly endorsed either test. *See Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1354 (S.D. Fla. 2014). Under one test—the discovery rule—a copyright infringement claim accrues when the copyright owner knew or should have known of the alleged infringement. *Id.* Under the other test—the injury rule—the statute begins to run when the alleged infringement occurred. *Id.*

Raycom and CNHI have established that they published Vient's article from October 30, 2015 to December 15, 2015. Doc. 9-1. Raycom and CNHI further present evidence of (1) an email Vient sent to Minemyer, the editor of *The Tribune-Democrat*, on November 4, 2015, in which he asked for a screenshot showing when the article was published; and (2) an email dated December 15, 2015, in which Vient asked for the article

7

to be removed.  Based on this evidence, Raycom and CNHI argue that under either test Vient's claim is time-barred because the article was actually published from October 30 to December 15 of 2015, and Vient was aware or should have been aware of the publication as early as November 4, 2015 or at least by December 15, 2015.  Vient filed his Complaint in this case on December 19, 2018.  Because this is more than three years after both the publication and Vient's knowledge of the publication, if Vient's claim is based on *The Tribune Democrat*'s or TribDem.com's direct publication of his article, the court finds that it is time-barred.

In response, Vient argues that his claim is not based on the publication by TribDem.com or *The Tribune Democrat* in 2015, but is instead based on the Defendants' "sharing" of his article in 2018. *See* Docs. 16, 31 & 3-1.  As earlier noted, Vient states in a declaration that on information and belief he believes the relevant act of publication occurred in 2018.[4]  He states in a separate declaration that he discovered the publication attached to his complaint in 2018. Doc. 40.  Even considering the alleged 2018 publication date, Raycom and CNHI contend that Vient's argument is unavailing because Vient captured the 2018 screenshot from a third-party website that archives newspaper articles, and an archival service controlled by a third party cannot be the basis of a copyright violation against the Defendants.  Another court examining a similar factual situation persuasively concluded that an "internet archival service controlled and maintained by [a

---

[4]  As the Defendants point out, an affidavit based solely on "information and belief" cannot create a genuine issue of material fact for purposes of summary judgment. *Pace v. Capobianco*, 283 F.3d 1275, 1278–79 (11th Cir. 2002).

8

third party] cannot serve as a basis for ongoing copyright violations and give rise to liability on the part of [a party which does] not control, maintain, or own the website." *Bell v. Hess*, 2018 WL 1241991, at *5 (S.D. Ind. Mar. 9, 2018). In this case, the Defendants have provided a declaration of Matthew Gray and of Ellenann Yelverton, who state that Defendants CNHI and Raycom, respectively, do not control, maintain, or own newspaperarchive.com. Docs. 33-1 & 33-2; *see, e.g., BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 356 (S.D. N.Y. 2014) (considering allegations of direction and control of webmasters in evaluating a contribution to infringement).

In a separate filing,[5] Vient concedes that the publication in 2018 amounts to third-party usage.[6] Doc. 31. But Vient alleges that Raycom and CNHI allowed for distribution of his work to this third party through some kind of "share" feature (Doc. 31), but he has presented no evidence of this "share" feature or how it operates. Vient claims that he does not know how his article became available on a third-party website and asks whether the Defendants would swear that they have not distributed, reproduced, or displayed his article on the website. Doc. 42 at 2. As noted, Raycom and CNHI have, in fact, provided declarations that they do not control, maintain, or own newspaperarchive.com. Docs. 33-1 & 33-2. On this record, there is no genuine dispute of material fact as to whether the 2018 publication is attributable to a third party and not to Raycom or CNHI. The court

---

[5] The court gave Vient time to respond to the reply in support of summary judgment (Doc. 36), but did not receive a response to its Order within the time allowed. Vient did file a motion within the allotted time seeking an extension of time to file an attached response (Doc. 37), which was another filing labeled as a Motion for More Definite Statement. To the extent the court has considered the inappropriately filed motion for more definite statement, the motion for extension of time is due to be GRANTED, but the motion seeking a more definite statement from the Defendants is due to be DENIED. Vient also ultimately filed an untimely response to the reply (Doc. 42), which the court has considered.

[6] The third-party publisher is not a defendant in this case.

concludes, therefore, that Vient has not shown any involvement by the Defendants in the alleged 2018 publication. This lack of proof leaves evidence of only the 2015 publication by the Defendants, which is too remote for the Copyright Act's three-year statute of limitations. Accordingly, Vient has not established that he timely brought his claim for copyright infringement, and summary judgment is due to be granted to the Defendants on this alternative basis.

For the same reasons that Raycom and CNHI are due summary judgment, the court finds that Vient has failed to show that he is substantially likely to prevail on the merits of his claim, and the court thus recommends that the motion for preliminary injunction be denied. *See Brooks v. Barrett*, 2018 WL 6004682, at *11 (M.D. Ala. Nov. 15, 2018).

## V.    CONCLUSION

For these reasons, the undersigned Magistrate Judge RECOMMENDS as follows:

1. The Motions for More Definite Statement (Doc. 17 & 38) be DENIED as improper motions under the Federal Rules of Civil Procedure.

2. The Motion for Hearing and Motion to Schedule Conference and Order (Doc. 19 & 41) be DENIED due to the pendency of the motion to dismiss and alternative motion for summary judgment.

3. The Motion to Amend/Correct (Doc. 29) be DENIED as moot.

4. The Motion to Amend/Correct (Doc. 31) be DENIED as moot.

5. The Motion to Amend/Correct (Doc. 32) be GRANTED only to the extent that the court construes the Amended Complaint as including the copyright registration number.

6. The Motion for Extension of Time (Doc. 37) be GRANTED only to the

extent that the court considered the enclosed filing.

    7.    The motion for summary judgment (Doc. 9) be GRANTED and judgment entered in favor of the Defendants and against the Plaintiff.

    8.    The Defendants' Motion to Stay Discovery Pending Disposition of the Motion to Dismiss (Doc. 10) be DENIED as moot due to the granting of summary judgment.

    9.    The Motion for Preliminary Injunction (Doc. 24) be DENIED for Vient's failure to show that he is substantially likely to prevail on the merits of his claim.

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than May 9, 2019.** Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 25th day of April, 2019.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE